IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DESMOND WARE
        PLAINTIFF,          **CASE NO.**

v.

UNITED PARCEL SERVICES INC.
        DEFENDANT.

## EMPLOYMENT DISCRIMINATION COMPLAINT FOR VIOLATIONS OF THE ADA

Now comes Plaintiff, **Desmond Ware** and for his cause of action states as follows:

1. The Court has jurisdiction as this case as it is a federal question of law. This case is brought pursuant to Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

2. Plaintiff, Desmond Ware is a Black male who is diagnosed with Diabetes. Plaintiff's diabetes is a permanent and major condition which affects major life activities.

3. Defendant, United Parcel Services Inc, ("UPS") is a corporation who does business in Illinois and participates in interstate commerce.

4. Defendant is an entity engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

5. Defendant is an employer as defined by the ADA.

6. Plaintiff was a qualified individual with a disability who could have performed the essential functions of the job he applied for with or without an accommodation..

7. Plaintiff applied for a part time package handler position in Northbrook Illinois on or about August 5, 2023.

8. Plaintiff filed charges with the EEOC withing 120 days of the date he alleges the discrimination occurred. Plaintiff received a right to sue letter after October 5, 2023 and within 90 days of filing this action.

9. Plaintiff has performed all actions necessary to file this suit under the ADA.

10. The application for employment by UPS requires the applicant to state whether the applicant would need an accommodation to perform the job, might need an accommodation to perform the job or does not need an accommodation to perform the job.

11. On the form Plaintiff checked he might need an accommodation.

12. Plaintiff never withdrew his request to be a package handler at UPS at Northbrook location.

13. On or about August 25, 2022, an employee of Defendants contacted the Plaintiff. At that the Defendant asked Plaintiff about his medical condition. Plaintiff discussed that he had diabetes. Plaintiff discussed that he would like time to get water when he worked as he was diabetic. Defendant's employee stated that she would get back to Plaintiff.

14. Defendant through its employee contacted Plaintiff again on or about October 18, 2022. The employee of Defendatn stated the she felt that Plaintiff would be better suited for a supervisory position. Plaintiff indicated that he was happy to be in a supervisory role but that he needed a job and the job as a part time package handler would be fine also. Plaintiff never withdrew his request for the job as a packager handler and never applied for a supervisory job with Defendant. Plaintiff specifically said he would do the package handler multiple times. The Defendant stated she would look into another job for Plaintiff which she was not in charge of and that she would get back to Plaintiff.

15. Plaintiff never heard back from UPS again until he received an email from them.

16. Defendant failed to use the interactive process for an accommodation.

17. On October 8, 2022, Plaintiff received an email from Plaintiff stating that he would not be hired.

    The email read

    Hi Desmond,
    UPS has received your request for an Accommodation. Based on the information you provided, a decision was made regarding your request. UPS has carefully evaluated your request for a job-related accommodation concerning your medical condition. We are writing to inform you that, based upon the information that we have received, we are unable to provide a reasonable accommodation for the job you are applying for. Please continue to monitor www.jobs-ups.com for other open positions that you may be able to complete with or without a reasonable accommodation.
    Regards, UPS Employment Center

## COUNT 1-DISABILITY DISCRIMINATION

18. Plaintiff realleges paragraphs 1--13 into count I herein.

19. Plaintiff is a person who is disabled under the ADA. Plaintiff's impairments substantially limited him in one or more major life activities, including but not limited to endocrine function as other major life activities.

20. Defendant regarded the Plaintiff as impaired and is thus disabled under the ADA.

21. Defendant is an employer as defined by the ADA.

22. Plaintiff is an otherwise qualified individual with a disability subject to the protections afforded under Title I of the ADA, 42 U.S.C. §§ 12111, et seq.,

23. The stated reason that Defendatn did not hire Plaintiff was in an email dated October 8, 2022. The email stated Plaintiff was not hired because he could not be accommodated.

24. The statement is direct evidence of discrimination as he was not hired due to diabetes in violation of the ADA.

25. Title I of the ADA prohibits an employer from failing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the

accommodation would impose an undue hardship on the operation of the business of such covered entity[.]" 42 U.S.C. § 12112(b)(5)(A).

26. An employer may not deny "employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee[.]" 42 U.S.C. § 12112(b)(5)(B).

27. The ADA states that an employer is required to make a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." 42 U.S.C. 12112(b)(5)(A).

28. According to the EEOC, Employees with diabetes may require special accommodations, such as private area to test blood sugar levels or to take insulin, A place to rest until blood sugar levels normalize, breaks to eat, drink, take medication or test blood sugar levels, leave for treatment, recuperation, or training to manage diabetes and/or a modified work schedule or shift change.

29. Defendant violated the ADA when it did the following:

a. Defendant refused to hire the Plaintiff because of Plaintiff's disability or perceived disability;

b. Defendant refused to reasonably accommodate the Plaintiff and/or

c. Defendant failed to enter into the interactive process to accommodate the Plaintiff.

30. Defendants failure to hire the Plaintiff due to his disability violated ADA, 42 U.S.C. 12112(b)(2).

31. The actions of DEFENDANT toward Plaintiff were malicious or recklessly indifferent to was in reckless disregard to PLAINTIFF'S rights.

32. Defendant's actions damaged the Plaintiff.

## COUNT II RETALIATION II

33. PLAINTIFF realleges paragraph 1-28 into Count II as set forth herein.

34. Plaintiff made a good faith request for an accommodation to Defendant

35. Plaintiff could have performed the job with or without the accommodation.

36. On October 8, 2022, Defendant due to Plaintiff making a request for an accommodation under ADA refused to hire the Plaintiff and denied him employment.

37. Defendant denied Plaintiff the job because he requested an accommodation.

38. But for the request for the accommodation, Defendant would have hired the Plaintiff.

39. Title VII of the Civil Rights Act of 1964 , 42 U.S.C. § 2000e-3(a) and the ADA makes it unlawful employment practice for an employer to discriminate against any of his employees or to discriminate against any individual for asserting a right under the ADA.

40. Defendant's actions to not hire the plaintiff were done in retaliation of Plaintiff requesting a right under ADA for a reasonable accommodation

41. Defendant's actions violate the law under the ADA.

42. Plaintiff was damaged due to the acts of UPS .

43. The actions of DEFENDANT toward Plaintiff were malicious or recklessly indifferent to was in reckless disregard to PLAINTIFF'S rights.

## **COUNT III IMPERMISSIBLE MEDICAL INQUIRY**

44. Plaintiff realleges paragraph 1-39 as set forth into herein.

45. Under 42 U.S.C. § 12112(d)(2)(A) employers may not ask disability-related questions or conduct medical examinations until after they make a conditional job offer to an applicant. This helps

ensure that an applicant's possible hidden disability is not considered before employers evaluate an applicant's non-medical qualifications.

46. Prior to Defendant hiring Plaintiff, UPS made medical inquiries to Plaintiff.

47. Defendant used the pre-employment medical inquiry to deny Plaintiff a job.

48. Additionally, Defendant did not create separate forms and files relating to Plaintiff disability.

49. Defendant violated the ADA when it made impermissible medical inquiries of the Plaintiff in the application process and its failure to create separate files.

50. Plaintiff was damaged by Defendant's actions.

WHEREFORE plaintiff respectfully requests that this Court:

   a. Accept jurisdiction of this case. Grant Plaintiff a trial by jury on all issues so triable.

   b. Declare that Plaintiff has suffered acts of discrimination at the hands of Defendant based on his disability and/or in Retaliation.

   c. Grant Plaintiff injunctive relief directing Defendant to provide Plaintiff with reasonable accommodations, hire the Plaintiff necessary and to stop Defendant from making impermissible medical inquiries.

   d. Award Plaintiff compensation for loss of salary and other benefits, including all fringe benefits to which she would have been entitled had his employment with Defendant not been interrupted. Such damage shall be in an amount in excess of $100,000, the exact amount to be determined at trial.

   e. Award Plaintiff front pay.

   f. Award Plaintiff compensatory damages for the humiliation, damage to his reputation, mental and emotional distress, and pain and suffering that she has experienced and endured as a result of the discriminatory actions of Defendant towards him. Such

damages shall be in an amount in excess of $300,000, the exact amount to be determined at trial.

g. Grant Plaintiff punitive damages against Defendant.

h. Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law.

i. Grant Plaintiff his reasonable costs and attorney's fees.

j. Grant Plaintiff all other relief that is fair equitable and just.

## JURY DEMAND

**PLAINTIFF DEMAND A JURY RELATING TO THIS MATTER.**

_____
Steven D Horak # 6207126
940 Knollwood Dr
Buffalo Grove IL 60089
847-877-3120
Steve@stevenhoraklaw.com
Attorney for Plaintiff